UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON NAPOLES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　Defendant. | No. 2:24-cv-03313-DAD-AC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. No. 4) |

　　　　This matter is before the court on the motion to dismiss plaintiff's complaint filed on behalf of defendant on December 4, 2024.  (Doc. No. 4.)  On January 21, 2025, the pending motion was taken under submission on the papers.  (Doc. No. 8.)  For the reasons explained below, defendant's motion to dismiss will be granted, and plaintiff will be granted leave to amend and out of an abundance of caution.

**BACKGROUND**

　　　　On October 18, 2024, plaintiff filed his complaint initiating this action in the Sacramento County Superior Court.  (Doc. No. 1-3.)  Defendant removed the action to this federal court on November 27, 2024.  (Doc. No. 1.)

　　　　The full extent of plaintiff's non-conclusory factual allegations provided in his complaint are as follows:  Plaintiff is an individual who resides in California; plaintiff has received a Right

1

to Sue letter from the California Civil Rights Department and has thus exhausted all necessary administrative remedies. (Doc. No. 1-3 at ¶¶ 1, 12.) Each of plaintiff's other allegations is entirely conclusory. (*See generally* Doc. No. 1-3.) For instance, plaintiff provides the following allegation at the start of the "Factual Background" section of his complaint:

> Defendants subjected Plaintiff to discrimination / harassment / retaliation on the bases of race /color / ancestry / national origin, marital status, disability, request for and exercise of reasonable accommodation, request for and exercise of medical leave, opposition to discrimination / harassment / retaliation, opposition / refusal to perform / disclosure of violation of the law, opposition / refusal to perform / disclosure of unsafe work environment, opposition / refusal to perform / disclosure of Labor Code violations, assertion of rights under the Labor Code.

(*Id.* at ¶ 6.) Plaintiff does not allege, for example, his race, national origin, or marital status. Based only on the allegations quoted above, plaintiff asserts a variety of claims for discrimination, retaliation, and harassment under California state law. (*Id.* at 2.)

On December 4, 2024, defendant filed the pending motion to dismiss plaintiff's complaint on the grounds that all of plaintiff's claims asserted in his complaint are entirely conclusory. (Doc. No. 4.) On December 18, 2024, plaintiff filed his opposition to the pending motion. (Doc. No. 6.) On December 30, 2024, defendant filed its reply thereto. (Doc. No. 7.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

Defendant argues that all of plaintiff's allegations in his complaint are conclusory and that he has therefore failed to allege any facts in support of any of his claims. (Doc. No. 4-1.) In an opposition that is barely two substantive pages long,[1] plaintiff argues solely that defendant "relies upon the incorrect pleading standard" by insisting on adherence to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). (Doc. No. 6.) Defendant points out in reply that it did not cite Rule 9 in its motion to dismiss. (Doc. No. 7 at 4 n.1.)

Plaintiff has alleged virtually no facts in support of any of his claims. For instance, in support of his first claim for discrimination in violation of state law, plaintiff alleges in full:

> Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein. Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA"). As a proximate result of the wrongful conduct of defendants, plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial. As a proximate result of the wrongful conduct of defendants, plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its [sic] damage in an amount according to proof at trial. In doing the acts herein alleged, defendants acted with oppression, malice, and/or conscious disregard

---

[1] The "Conclusion" section of plaintiff's opposition is simply a verbatim copy of his "Introduction" section, including the same typographical errors.

of plaintiff's rights and plaintiff is therefore entitled to punitive damages.

(Doc. No. 1-3 at ¶¶ 13–17.) As mentioned above, plaintiff does not allege any of his characteristics that might support a claim for discrimination—or any of his characteristics at all—such as his race, national origin, marital status, or disability. Defendant's motion to dismiss will therefore be granted. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8; *Twombly*, 550 U.S. at 570.

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Here, plaintiff has requested leave to amend his pleadings in his opposition. (Doc. No. 6 at 4.) Because plaintiff has not yet had any opportunity to amend his complaint, because that original complaint was filed in state court, and in light of the Ninth Circuit's policy of "extreme liberality," *Rosenberg Bros.*, 283 F.3d at 406, the court will grant plaintiff leave to amend out of an abundance of caution.

## CONCLUSION

For the reasons explained above:

1. Defendant's motion to dismiss plaintiff's complaint (Doc. No. 4) is GRANTED;
2. Within twenty-one (21) days from the date of entry of this order, plaintiff shall file either a first amended complaint, or a notice of his intent not to do so; and

/////

/////

/////

4

3. Plaintiff is cautioned that failure to timely file either a first amended complaint or a notice of his intent not to do so may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **June 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5